IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **HERSCHEL W. MICHAEL, # S-08123** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | Case No. 11-cv-625-MJR-SCW |
| | ) | |
| **JAMES COOPER,** | ) | |
| | ) | |
| **Defendant.** | ) | |

# MEMORANDUM AND ORDER

**WILLIAMS, Magistrate Judge:**

This matter comes before the Court for consideration of the following motions filed by Plaintiff:

Doc. 23: Motion to submit documentation to support complaint;

Doc. 24: Motion to refile the original complaint with supporting documentation; and

Doc. 25: Motion to amend original complaint (or motion to add additional counts).

Doc. 26: Motion for Status

Along with his motions, Plaintiff has submitted 101 pages of proposed exhibits, a two-page summary of "Relief Requested," and a four-page witness list. The proposed exhibits consist of approximately 20 pages of affidavits from fellow prisoners, some of which may be relevant to the claims in Count 1. The remaining documents include copies of grievances and other documents relating to grievances, as well as disciplinary charges and mail-related

problems.

As a preliminary matter, Mr. Michael's "motion for status" (**Doc. 26**) in which he requests a status report on his case, is **MOOT**. In the motion, Mr. Michael asks for an update as to his motion for appointment of counsel. No motions for appointed counsel are pending. The most recent such motion (Doc. 17) was denied without prejudice on November 8, 2012 (Doc. 20), with the following instruction: "Should Defendants raise the issue of administrative exhaustion, the Court will be willing to revisit the appointment of counsel (upon proper motion by Michael) after any exhaustion issues have been dealt with. The Court will also be willing to revisit the appointment of counsel should discovery in this case become overly complex." (Doc. 20, p. 2). This order should satisfy any other questions Mr. Michael has about his pending motions.

In the threshold order of August 17, 2012 (Doc. 11), the Court determined that Plaintiff had stated a cognizable Eighth Amendment claim in Count 1 against Defendant Cooper, for endangering Plaintiff by revealing his sexual assault conviction to other inmates, and then failing to protect him from the ensuing harm. However, the complaint did not state a claim against Defendants Schuler, Randle, or Taylor in Count 1 for failure to protect. Likewise, no constitutional claim was stated for denial of due process for failure to respond to grievances (Count 2), for denial of access to the courts as a result of the failure to process grievances (Count 3), or for a conspiracy to deny Plaintiff's grievances (Count 4). The dismissed Defendants, as well as Counts 2 and 3, were dismissed without prejudice and with leave to amend the complaint. Count 4 was dismissed with prejudice (Doc. 11, p. 12).

The majority of the documents tendered with the motion to submit documentation (Doc. 23) relate to Counts 2, 3, and 4 of the complaint, which have been dismissed. As such,

they are not relevant to consideration of the surviving Count 1, and they shall not be accepted for filing at this time. Those documents that do relate to Count 1 against Defendant Cooper may become relevant in the event that future dispositive motions are filed by that Defendant, or in response to discovery requests. However, no such motions have been filed to date, and discovery materials are not to be filed with the Court. Accordingly, the motion to submit documentation (**Doc. 23**) is **DENIED** without prejudice. Plaintiff will be free to file any relevant documents at the appropriate time, such as in opposition to a motion for summary judgment. *See* FED. R. CIV. P. 56(e).

Plaintiff's motion to refile the original complaint with supporting documentation (**Doc. 24**) is **DENIED AS MOOT.** The original complaint is still on file and is the operative complaint herein (Doc. 1). The Court's conclusion that Plaintiff failed to state a claim against the dismissed Defendants or in the dismissed Counts 2, 3, and 4, was not based on a lack of documentation. Rather, those counts and Defendants were dismissed because the factual allegations in the complaint, under the relevant law of this circuit, failed to indicate a violation of Plaintiff's constitutional rights.

Finally, the motion to amend complaint (or motion to add additional counts) (Doc. 25) is **DENIED**. The reasons for this denial are two-fold. First, Plaintiff failed to tender a complete proposed amended complaint with his motion. Instead, he includes several new allegations in the body of his motion. The Court will not accept piecemeal amendments to the original complaint. Plaintiff is **ADVISED** that any proposed amendments or supplements to the complaint must be properly filed pursuant to Federal Rule of Civil Procedure 15(a) or (d). In addition, pursuant to Southern District of Illinois Local Rule 15.1, the proposed amendment to a pleading or amended pleading itself must be submitted at the time the motion to amend is filed.

An amended complaint supersedes and replaces the original complaint, thus any proposed amended complaint must include the allegations in Count 1 as well as any revisions to the pleading. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004).

Secondly, the motion includes new allegations of interference with Plaintiff's mail and property by Defendants Schuler and Sanders. These claims are not factually related to the claims in Count 1, thus, if Plaintiff wishes to pursue them, he must file a new lawsuit. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (separate, unrelated claims against different defendants belong in different suits). In order to assist Plaintiff if he should decide to file a new case, the Clerk is **DIRECTED** to mail him a blank civil rights complaint form.

**IT IS SO ORDERED.**

**DATED: December 14, 2012**

/s/ *Stephen C. Williams*
**STEPHEN C. WILLIAMS**
United States Magistrate Judge