IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| HERSCHEL W. MICHAEL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 11–cv–0625–MJR–SCW |
| | ) |
| JAMES COOPER, | ) |
| | ) |
| Defendant. | ) |

MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff Herschel Michael brought this action for violations of his constitutional rights pursuant to 42 U.S.C. § 1983. In his July 2011 Complaint, Plaintiff alleges constitutional deprivations were caused by harassment toward him by Defendant Cooper (a correctional officer at Illinois' Big Muddy Correctional Center). Specifically, Plaintiff alleges that—in front of other inmates—Defendant harassed Plaintiff about engaging in sexual intercourse with a minor. (Doc. 1, 15). Plaintiff alleges the harassment led, in turn, to harassment by other inmates. (Doc. 1, 16).

On December 13, 2013, Defendant brought the instant Motion for Summary Judgment on the grounds that Plaintiff's claim is barred by the statute of limitations. (Doc. 49). The motion is ripe: Plaintiff filed his response on January 13, 2014. (Doc. 52). For the reasons explained below, Defendant Cooper's Motion for Summary Judgment is **DENIED**.

LEGAL STANDARDS

**1. Summary Judgment Standard**

Summary judgment is proper only if the admissible evidence considered as a whole shows there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a

1

matter of law. *Dynegy Mktg. & Trade v. Multiut Corp.*, 648 F.3d 506, 517 (7th Cir. 2011); FED. R. CIV. P. 56(a). The party seeking summary judgment bears the initial burden of demonstrating—based on the pleadings, affidavits and/or information obtained via discovery—the lack of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In determining whether a genuine issue of material fact exists, the Court must view the record in a light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 255 (1986).

At summary judgment, the Court's role is not to evaluate the weight of the evidence, to judge witness credibility, or to determine the truth of the matter, but rather to determine whether a genuine issue of triable fact exists. *Nat'l Athletic Sportswear, Inc. v. Westfield Ins. Co.*, 528 F.3d 508, 512 (7th Cir. 2008).

**2. Statute of Limitations under 42 U.S.C. § 1983**

Neither 42 U.S.C. § 1983 nor its companion 42 U.S.C. § 1988 contains a statute of limitations. *Malone v. Corr. Corp. of Am.*, 553 F.3d 540, 542 (7th Cir. 2009). Federal courts use the periods of limitations adopted by the states for personal-injury suits. *Id.* (citing *Wilson v. Garcia*, 471 U.S. 261 (1985)). In Illinois, therefore, the limitations period for § 1983 cases is two years. *Johnson v. Rivera*, 272 F.3d 519, 521 (7th Cir. 2001) (citing *Kalimara v. Ill. Dep't of Corr.*, 879 F.2d 276, 277 (7th Cir. 1989)). *Accord Jenkins v. Vill. of Maywood*, 506 F.3d 622, 623 (7th Cir. 2007).

## DISCUSSION

Defendant Cooper argues that Plaintiff's own statements indicate Plaintiff's claim stopped accruing on March 2, 2010. (Doc. 50, p. 4). Therefore, the defendant argues, per the Illinois statute of limitations, Plaintiff must have filed his claim on or before March 2, 2012. (Doc. 50, p. 4).

Cooper wrongly asserts that Plaintiff filed his Complaint on July 20, 2012, past the two year statute of limitations. (Doc. 50, 4).

Defendant's mistake is fatal to his motion. As *pro se* Plaintiff points out in his response to the instant motion (Doc. 52, p. 3), Plaintiff filed his Complaint on July 20, 2011—one year earlier than alleged by Cooper in his brief.[1] (Doc. 1). The date of filing is indicated both on the docket and via the clerk's stamp on the face of the Complaint. (Doc. 1). Plaintiff filed his Complaint within Defendant's own asserted timeframe for the statute of limitations period. The Court cannot dismiss a timely filed claim on limitations grounds. **See *Crown, Cork & Seal Co., Inc. v. Parker*, 462 U.S. 345, 354 (1983) (plaintiff's civil rights suit was timely filed); *Farzana K. v. Indiana Dep't of Educ.*, 473 F.3d 703, 706–08 (7th Cir. 2007) (complaint filed on the last day of the limitations period was timely filed even though the court computer rejected the filing)**.

Defendant's Motion (**Doc. 49**) is **DENIED**.

**IT IS SO ORDERED**

DATED: February 12, 2014

s/*Michael J. Reagan*
**MICHAEL J. REAGAN**
United States District Judge

---

[1] The instant motion is clearly frivolous, but the Court recognizes this is simply a result of inattention.